UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DIQUAN WILLIAMS,

                                         Plaintiff,

         v.

CITY OF NEW YORK, and
POLICE OFFICERS JOHN DOE #1-8,

                                        Defendants.
-------------------------------------------------------------X

Index No.: 24-cv-4527

**COMPLAINT**

Plaintiff Demands Trial by Jury

        Plaintiff DIQUAN WILLIAMS, by and through his attorney, Alexis G. Padilla, complaining of the defendants, CITY OF NEW YORK and POLICE OFFICERS JOHN DOE #1-8, upon information and belief alleges as follows:

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim involve a party which maintains its place of business within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff's demands a trial by jury on each and every one of his claims as pleaded Herein.

**PARTIES**

5. Plaintiff DIQUAN WILLIAMS is a United States Citizen of full age residing in Brooklyn, New York.

6. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police department and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officers.

7. Defendants POLICE OFFICERS JOHN DOE #1-8 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York Police Department, and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

## STATEMENT OF FACTS

8. On or about September 4, 2024, at approximately 10:00 P.M. in the vicinity of Batchelder Street and Avenue W in Sheepshead Bay, Brooklyn, plaintiff was operating a motor vehicle when he was stopped by defendants POLICE OFFICER JOHN DOE #1 and POLICE OFFICER JOHN DOE #2.

9. Upon information and belief, the officers approached plaintiff's car and asked for his identification.

10. As they approached the car, plaintiff recognized the officers as the same two officers who had previously arrested him several months before.

11. Plaintiff complied and handed POLICE OFFICER JOHN DOE #1 his license.

12. Defendant POLICE OFFICER JOHN DOE #1 then asked plaintiff to step out of the car.

13. When he stepped out of the car, defendants attempted to place plaintiff in handcuffs.

15. Plaintiff began to struggle with the officers, who then pulled him to the floor and struck him repeatedly about the body with closed fists.

16. Within moments, defendants POLICE OFFICERS JOHN DOE #3-8 arrived on the scene and entered the fray.

17. These defendants immediately began using force against plaintiff.

18. Defendant POLICE OFFICER JOHN DOE #3 repeatedly used a taser against plaintiff.

19. Defendant POLICE OFFICER JOHN DOE #4 repeatedly used a taser against plaintiff.

20. Defendant POLICE OFFICER JOHN DOE #5 struck plaintiff repeatedly about the head with a closed fist.

21. Defendant POLICE OFFICER JOHN DOE #6 stood by while plaintiff was repeatedly tased and held plaintiff down while defendant JOHN DOE #5 struck plaintiff about the head.

22. Defendant POLICE OFFICER JOHN DOE #7 stood by while plaintiff was repeatedly tased and held plaintiff down while defendant JOHN DOE #5 struck plaintiff about the head.

23. Defendant POLICE OFFICER JOHN DOE #8 stood by while plaintiff was repeatedly tased and held plaintiff down while defendant JOHN DOE #5 struck plaintiff about the head.

24. As a result of the illegal, unjustified and unnecessary use of force by defendants, plaintiff suffered extreme pain and injury, including but not limited to contusions and lacerations about his head and body.

## AS FOR A FIRST CAUSE OF ACTION

**EXCESSIVE FORCE AS AGAINST THE CITY OF NEW YORK & POLICE OFFICERS JOHN DOE #1-8, in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution**

25. Plaintiff repeats, reiterates and reasserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

26. At all times during the events described above defendants lacked probable cause to use force against plaintiff.

28. All of the aforementioned acts of defendants were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

31. At all times relevant to this complaint, defendants had an obligation to intervene and put a stop to the use of excessive force against plaintiff and each of them failed to do so.

32. The acts complained of resulted in pain and injury to plaintiff.

33. The acts complained of deprived plaintiff of his right to be free from excessive force.

## AS FOR A SECOND CAUSE OF ACTION

**MUNICIPAL LIABILITY AS AGAINST DEFENDANT CITY OF NEW YORK in violation of 42 U.S.C. § 1983**

34. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff resulting from the conduct of the defendant police officers. The conduct of the defendant police officers was a direct consequence of inadequate training and supervision of police officers by the defendant CITY OF NEW YORK and its agent, the New York Police Department.

36. At all times relevant to this complaint, defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that

allowed for police officers engage in acts of excessive force upon citizens and/or residents of New York City in flagrant violation of their sworn oath to uphold the Constitution.

37. At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage incidents of excessive force such as the one described in this complaint.

38. As a result of the policies and customs of the CITY OF NEW YORK and its agent, the New York Police Department, officers – including the defendants on the day in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

39. The wrongful policies, practices and customs complained of herein, demonstrate deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of the citizens and residents of New York City; these were the direct and proximate cause of the violations of plaintiff's constitutional injuries.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: June 13, 2024
      Brooklyn, NY                          By:       /s/Alexis G. Padilla
                                                                     Alexis G. Padilla, Esq. [AP7400]
                                                                     *Attorney for plaintiff*
                                                                     *Diquan Williams*
                                                                     378 Lewis Avenue #6
                                                                     Brooklyn, NY 11233
                                                                     (917) 238-2993
                                                                     alexpadilla722@gmail.com