

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**ELISSA JACOBS**
*Senior Counsel*
Phone: (212) 356-2657
Fax: (212) 356-3540
Email: ejacobs@law.nyc.gov

August 21, 2024

**BY ECF**
Honorable Denise L. Cote
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

*Granted. A status report is due 10/25/24.*

*/s/ Denise Cote*
*8/21/24*

Re: <u>Diquan Williams v. City of New York et. al.,</u>
24-CV-4527 (DLC) (VF)

Your Honor:

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, and the attorney representing Defendant City of New York in the above-referenced matter.[1] Defendants write to respectfully request that the Court stay the instant matter in light of plaintiff's pending criminal proceeding relating to the underlying incident. This is Defendants' first request for a stay. Plaintiff consents to a stay in proceedings.

By way of background, plaintiff Diquan Williams filed the Complaint on June 13, 2024. (See ECF Dkt. No. 1). Plaintiff alleges, *inter alia*, claims of excessive force and municipal liability arising from his arrest on September 4, 2023. Id. Upon information and belief, an active criminal case is open and ongoing against plaintiff, in Kings County Criminal Court relating to the September 4, 2023, incident under Docket Number IND-71089-24/001.[2] The top charge in the indictment is New York PL 220.16 12—Criminal Possession of a Controlled Substance (Crack). Plaintiff last appeared in court on August 20, 2024, as he is considering a plea offer. Upon information and belief, Plaintiff's next criminal court appearance is scheduled for October 3, 2024.

---

[1] I will be aided in this matter by Jessica M. Ochoa, Esq. Ms. Ochoa is a member in good standing with the New York State Bar (No. 6124655) as well as admitted to practice before the U.S. District Courts of the District of Columbia (No. 1736588) and Maryland (No. 30564). She is currently in the process of being admitted to practice before the present court. Ms. Ochoa may be reached directly at (212) 356-3159 or by email at jochoa@law.nyc.gov.

[2] This Office has also consulted the website "WebCrims" which states the referenced case is open and ongoing against the plaintiff.

Because the issues involved in the criminal prosecution overlap with the issues in this matter, and because this Office will be unable to access the District Attorney's or the trial court's documents related to the underlying incident, a stay is warranted. The resolution of the criminal prosecution may affect the viability of both plaintiff's claims and discovery in this case, which warrants a stay. "[I]t is within the power of the district court, and in accord with common practice, to stay [a] civil action until the criminal case or the likelihood of a criminal case is ended." Wallace v. Kato, 549 U.S. 384, 393-394 (2007); see also United States v. Kordel, 397 U.S. 1, 12 n.27, (1970) (noting that "federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action."). Indeed, "it is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995); see also Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.").

In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether the defendant has been indicted; 3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice caused by the delay; 4) the private interests of the defendants and the burden that proceeding with the civil action would impose on them; 5) the public interest; and 6) the interests of the Court in the efficient management of cases. Parker v. Dawson, 06-CV-6191 (JFB) (WDW), 2007 U.S. Dist. LEXIS 63068, at *11, 2007 WL 2462677, at *3 (E.D.N.Y. 2007); and Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39-40 (S.D.N.Y. 1993).

As courts in this Circuit have noted, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Crawford & Sons v. Besser, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (quoting Johnson v. N.Y.C. Police Dep't., No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *4 (S.D.N.Y. July 16, 2003)). This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case. Johnson, 2003 U.S. Dist. LEXIS 12111 at *5. The instant § 1983 civil rights action and pending state court criminal prosecution are based on the same underlying events of September 4, 2023, where plaintiff was arrested for being in possession of a controlled substance. Here, "[t]he noncriminal proceedings, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limit of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." SEC v. Dresser Indus., 628 F.2d 1368, 1376 (D.C. Cir. 1980).

Proceeding with the civil action while the criminal action is ongoing will also impose significant burdens on the Defendants. Because Plaintiff's criminal case is currently pending, the District Attorney's Office will not produce documents from the District's

2

Attorney's file. Pursuant to People v. Rosario, 9 N.Y.2d 286 (1961), any statements made by either the defendant officers or other officers which plaintiff may seek to depose as witnesses may lead to additional discovery obligations for the District Attorney's Office in the criminal matter. On the civil side, the Rosario discovery obligation could serve to vitiate the confidentiality of attorney-client communications in the present lawsuit.

Based on the foregoing, Defendants respectfully submit that the balance of factors outlined above warrant a stay of this matter. Accordingly, Defendants respectfully requests a stay until such time as the criminal proceedings against Plaintiff have been completed. In the event the Court is inclined to grant the Defendant's application, Defendant's would respectfully request to provide the Court with status updates every 60 days. In the event the criminal proceeding is concluded, Defendant's would inform the Court within one-week of learning such information, or alternative timings that are more amenable to the Court.

Respectfully submitted,

/s/ *Elissa B. Jacobs*
Elissa Jacobs
*Senior Counsel*

Cc:   VIA ECF
      Alexis G. Padilla, Esq.
      378 Lewis Avenue #6
      Brooklyn, NY 11233
      *Attorney for Plaintiff*

3